# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Leslie Marlene Padilla,<br>　　　　Defendant. | No. CR-16-00478-005-TUC-JGZ (LAB)<br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to dismiss, motion to elect, notice of multiplicitous indictment. (Doc. 731) The defendant, Leslie Marlene Padilla, argues that of the 13 counts in the indictment in which she is named, 10 of the counts are multiplicitous and must be dismissed, or the government should be required to elect which to proceed upon. Without one of those remedies, the defendant claims that her constitution right against double jeopardy will be violated.

A hearing was held on 8/16/17. No evidence was presented, only legal argument.

**Charges:**

The defendant is charged by indictment with making false statements in connection with the purchase of firearms (Cts. 29, 32, 34, 38, 40 and 42), making false statements in the records of a federal firearms licensee (Cts. 30, 33, 35, 39, 41 and 43), and conspiracy to attempt to export firearms and ammunition from the United States (Ct. 59), in violation of 18 U.S.C. " 924(a)(1)(A), 924(a)(2) and 554(a).

**Motion to Dismiss:**

The defendant argues that she is being overcharged because the government paired Counts 29 and 30, 32 and 33, 34 and 35, 38 and 39, and 40 and 41. One count in each pair charges Ms. Padilla with making a false statement on a certain date in connection with the purchase of a firearm, regarding her address. These charges are brought pursuant to 18 U.S.C. ' 924(a)(1)(A). The second count in each pair charges that on the same date, in connection with the same firearms purchase, Ms. Padilla made a false written statement that she was the actual buyer when she was buying the firearm for someone else. These charges are brought pursuant to 18 U.S.C. " 2(a), 922(a)(6) and 924(a)(2). The charges are not multiplicitous. The government does not need to elect, and none of the charges need be dismissed.

**DISCUSSION:**

At the motion hearing, the defendant conceded that the case law cited by the government in its response (Doc. 759) supports the government's position that it can charge violations of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. 924(a)(2) for conduct occurring during the same transaction. In fact, the government's cases support the two charges where there was only one statement made by the defendant. In the present case, Ms. Padilla is charged with making a false statement about her address in one of the paired counts and making a false written statement regarding the purchase of the firearm for herself in the second paired count.

The defendant stated that even if the paired charges are proper, the court cannot impose consecutive sentences. The government explained that the sentencing guidelines take that into consideration and provide for grouping of charges. That does not require dismissal of charges.

"An indictment is multiplicitous when it charges multiple counts for a single offense, thereby resulting in two penalties for one crime and raising double jeopardy

concerns." U.S. v. Mancuso, 718 F.3d 780, 791 (9th Cir. 2013) (citations omitted). "The test for multiplicity is whether each count 'requires proof of an additional fact which the other does not.'" U.S. v. Awad, 551 F.3d 930, 938 (9th Cir. 2009) citing U.S. v. Garlick, 240 F.3d 789, 793-94 (9th Cir. 2001)(quoting Blockburger v. U.S., 284 U.S. 299, 304 (1932).

In the present case, the charges in each of the paired counts require proof of different elements. The counts are not multiplicitous.

**RECCOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY the motion to dismiss. (Doc. 731)

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the party=s right to de novo review may be waived. No reply to objections shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

Dated this 16th day of August, 2017.

_Leslie A. Bowman_
Honorable Leslie A. Bowman
United States Magistrate Judge